THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALBERT O. ROSSI, Appellant.—

The findings of fact implicit in the jury's verdict have not been considered. The trial court erred in failing to tell the jury explicitly that whether defendant's patients were accomplices was a question of fact for them to decide. The trial court also erred in charging the jury that if they found the patients to be accomplices, then there was sufficient evidence in the record to corroborate them. Such a charge virtually deprived the jury of any consideration as to the sufficiency of the corroborating evidence. Whether all the other evidence in the record did or did not constitute sufficient corroboration of the accomplices, assuming that the jury found the patients to have been accomplices, was a question of fact for the jury to decide. Since there is to be a new trial, attention is directed to another error which appears to have been an inadvertence. The court charged that "defendant is presumed to be innocent until and if you, the jury, should determine otherwise." No doubt this instruction was intended to comply with the statutory provision that a "defendant in a criminal action is presumed to be innocent, until the contrary be proved" (Code Crim. Pro., § 389). The instruction, however, was ambiguous and may have misled the jury. It may well have conveyed to them the erroneous impression that the presumption of innocence continues until they, in their discretion, shall decide that it should be annulled or terminated. Under all the circumstances, it is our opinion that a new trial is required in the interests of justice. No separate appeal lies from the intermediate orders, which have

been reviewed on the appeal from the judgment. Nolan, P. J., Kleinfeld and Pette, JJ., concur; Beldock and Christ, JJ., dissent and vote to affirm the judgment, with the following memorandum: Defendant is a physician who was charged with having defrauded United Medical Service, Inc., by collecting moneys from it on false and fraudulent claims that he rendered specific medical services to certain insured persons. In our opinion, defendant was properly convicted on the charge of grand larceny and on the charge under the first subdivision of section 1202 of the Penal Law. This defendant may be deemed the beneficiary of the contract of insurance because payments for the medical services covered were to be made directly to him. The patients of defendant were not his accomplices. There is no testimony of any wrong-doing by any of the patients. The charge which left to the jury as an issue of fact the question whether the patients were accomplices was more favorable than the charge to which defendant was entitled. The court further correctly charged that conviction could not be had on the uncorroborated testimony of an accomplice. In our opinion, there is no merit to any of the other claims of error, and, in any event, under the circumstances here, such errors would not constitute reversible error.